UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KEITH MCDAY,

              Petitioner,

       - against -

D.F. NAPOLI, Superintendent,
Southport Correctional Facility,

             Respondent.
----------------------------------------X

**MEMORANDUM & ORDER**

09-CV-0454 (KAM)(MDG)

**MATSUMOTO, United States District Judge:**

       On February 2, 2009, *pro se* petitioner Keith McDay ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition for Writ of Habeas Corpus, 2/2/09.) On April 13, 2010, this court referred the case to Magistrate Judge Marilyn D. Go for a Report and Recommendation. (Order Referring Case, 4/13/10.) Magistrate Judge Go issued her Report and Recommendation on March 27, 2012, in which she recommended that petitioner's application for a writ of habeas corpus and for a hearing should be denied. (ECF No. 12, Report and Recommendation ("R&R"), 3/27/12.) Petitioner requested an extension of time to file a reply, which Magistrate Judge Go granted, giving petitioner until May 13, 2012, to file objections. (ECF No. 14, Order Granting Extension dated 4/19/12.) Petitioner filed his objections to the R&R in a submission dated May 9, 2012. (ECF No. 16.)

1

**DISCUSSION**

I. **Legal Standard**

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation and citation omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation and citation omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation and citation omitted).

"Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs*., No. 06 Civ. 5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotation and citation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order). Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In reviewing a petition for *habeas corpus* relief, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 requires federal courts to apply a deferential standard when conducting *habeas corpus* review of state court decisions. *Renico v. Lett*, 559 U.S. 766, 773 (2010). A petitioner is entitled to *habeas corpus* relief if he can show the state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## II. Application

The relevant factual and procedural background of this case is set forth in Magistrate Judge Go's detailed Report and Recommendation. A review of petitioner's purported objections shows that they consist almost entirely of restatements of petitioner's original allegations rather than specific objections to the R&R. Still, the court has also considered the foregoing objections and undertaken a *de novo* review of the R&R, the underlying pleadings and factual record upon which it is based, and the relevant legal authorities. Having conducted such review, and upon careful consideration of the plaintiffs' objections, the objections are overruled and the court affirms and adopts Magistrate Judge Go's R&R in its entirety.

## CONCLUSION

For the reasons set forth above, petitioner's objections are overruled and Magistrate Judge Go's well-reasoned and thorough Report and Recommendation is adopted in its entirety as the opinion of the court. Accordingly, petitioner's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, is denied, and petitioner's request for a hearing is also denied. Because petitioner has not made a substantial

4

showing of the denial of any constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The clerk of court is respectfully requested to mail a copy of this Order to petitioner and to close this case.

**SO ORDERED.**

Dated:     December 2, 2013
           Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
